UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SENDLOSKY,

    Plaintiff,

v.

RADIANT F&B, LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN SENDLOSKY, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, RADIANT F&B, LLC, (hereinafter known as "DEFENDANT") and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Hillsborough County, Florida.

4. Defendant is a Florida corporation licensed and authorized to conduct business in Hillsborough County, Florida. At all times material Defendant was an employer as defined by the FLSA.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done

that is not less than $500,000.00.

8. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendant, 29 U.S.C. §207(a)(1).

9. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10. Plaintiff began his employment with Defendant on May 1, 2022, as an Overnight Baker/Finisher.

11. Plaintiff was compensated on an hourly rate basis.

12. Plaintiff regularly and routinely worked over forty (40) hours in a work week.

13. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

14. Plaintiff routinely worked past his regularly scheduled work shift due to his having to stay late to cover staff shortages.

15. On or around August 2022, Plaintiff reported to MariaAnna Serricchio, Human Resources Director, his concerns regarding his hours being adjusted, without his knowledge, in order to limit the overtime hours he had

worked.

16. Shortly following his complaint, Plaintiff's hours were reduced to twenty-five hours per week by his General Manager, Manny Rodriguez.

17. On or about September 8, 2022, Plaintiff was terminated by his General Manager, Manny Rodriguez.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

22. Defendant failed to comply with their statutory obligation to keep accurate time records.

23. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 and ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

24. Plaintiff is entitled to be paid overtime compensation for all overtime

hours worked for Defendant.

25. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

26. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

27. Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

28. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

29. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

    a. Awarding Plaintiff overtime compensation in the amount due to him

for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RETALIATION

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

32. Plaintiff was terminated from his employment with Defendant as a direct result of, and in retaliation for, his reporting and opposing the above described unlawful conduct.

33. The above described actions of Defendant constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

34. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration,

emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

35. As a result of Defendant's unlawful acts against Plaintiff, he has and will continue to incur damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 1st day of December 2022.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Miguel Bouzas
Miguel Bouzas
Florida Bar No.: 48943
miguel@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff